PEOPLE, PLAINTIFF AND APPELLEE, *v.* QUIRINDONGO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in a Prosecution for Adulteration of Milk.

No. 2036.—Decided March 23, 1923.

APPEAL—PLEADING—INDICTMENT—RECIDIVISM—OBJECTION.—An imperfect allegation regarding the recidivism of the defendant, when this is an element of the crime, does not invalidate the indictment, and in order that an objection based on that defect may be considered, it should be made before the trial court. Such an objection comes too late when made for the first time on appeal.

The facts are stated in the opinion.

*Mr. F. B. Fornaris* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On January 12, 1923, the defendant was sentenced by the District Court of Ponce to six months in jail for the offense of adulterating milk, it being stated in the judgment that it had been alleged and proved that this was the second offense of the defendant.

The defendant took the present appeal and in his brief alleged the following:

"We maintain that the penalty imposed upon the defendant-appellant is contrary to law as regards its being the sentence corresponding to a second offence, according to the provisions of the Act relative to the adulteration of milk, approved March 10, 1910, and it was not sufficiently alleged in the information that this was

a second offence. As may be seen by the court, the district attorney alleged that the defendant was a recidivist in that he had been sentenced by the District Court of Ponce for the same offence to two days in jail, without specifying the date on which he was so sentenced, which is indispensable in order to inform the de fendant clearly of all the matters charged in the information.''

The crime was charged as follows:

''That at 8.15 a. m. of August 28, 1922, on Progreso Street, Ponce, within the municipal judicial district of Ponce, P. R., the said defendant wilfully, maliciously and unlawfully sold cow's milk adulterated with water on said Progreso Street, Ponce, the said adulteration being established by the attached analysis made by the Director of the Insular Chemical Laboratory. This milk contained 20 per cent of water added· artificially and as so sold was unfit for public consumption and ·could have propagated infectious diseases. The defendant is a recidivist and was sentenced by the District Court of Ponce to two days in jail for the adulteration of milk.''

Summing up the jurisprudence, Cyc. says that inasmuch as the fact of ·a former conviction is a part of the offense, to the extent of aggravating it and increasing the punishment, it must be alleged in the information or indictment. 12 Cyc. 950.

Here it is not contended that the former conviction was not alleged. It was alleged in the manner stated. The contention is that the allegation was so imperfectly made that the information is void. If the question had been raised in the trial court and the court had overruled the defendant's motion, we would agree with the defendant. But the nature of the charge was alleged. The defendant acted as if informed and went to trial, wherein the offense itself and the former conviction were proved. The question is raised for the first time in this court and so it comes too late. In support of this conclusion we cite the cases of *People* v. *Fontana,* 16 P. R. R. 626; *People* v. *Aponte et al.,*

.9 P. R. R. 345, and *People* v. *López,* 8 P. R. R. 546, to which the prosecution refers.

The judgment appealed from must be

*Affirmed.*

Justices Wolf, Hutchison and Franco Soto concurred.

Mr. Justice Aldrey took no part in the decision of this case.